# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

ANDREW VIGGERS, Register No. 1063919,    )
    )
            Plaintiff,    )
    )
            v.    )        No. 07-4011-CV-C-NKL
    )
LARRY CRAWFORD, et al.,    )
    )
            Defendants.    )

## REPORT AND RECOMMENDATION

Plaintiff Andrew Viggers, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Defendants have filed a motion to dismiss plaintiff's claims challenging the prison restriction on the length of smoking pipes for Native American inmates, citing a failure to state a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA). Plaintiff has responded in opposition to the motion, arguing he requires a fifteen-inch pipe, and thus, the restriction on pipes longer than twelve inches substantially burdens the practice of his Native American religion.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

### Religious Land Use and Institutionalized Persons Act

Title 42 U.S.C. § 2000cc-a(a)(1)-(2) provides, in part: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution,"

unless the burden furthers "a compelling governmental interest" and does by the "least restrictive means." Cutter v. Wilkinson, 544 U.S. 709, 712 (2005). This section applies to any program receiving Federal financial assistance. Id. at 715-16. Every state, including Missouri, accepts federal funding for its prisons. Id. n.4. Thus, section 2000cc-a(a)(1)-(2) is applicable to plaintiff's claims in the instant case.

Before enacting the standards set forth in RLUIPA, Congress enacted the Religious Freedom and Restoration Act (RFRA) to secure redress for inmates who encountered undue barriers to their religious observances. Id. at 716-17. RFRA was invalidated as applied to the states in City of Boerne v. Flores, 521 U.S. 507, 515-16 (1997), because it lacked a Commerce Clause underpinning or Spending Clause limitation to recipients of federal funds. Cutter v. Wilkinson, 544 U.S. at 715. In response to City of Boerne v. Flores, Congress enacted RLUIPA and specifically invoked federal authority under the Spending and Commerce Clauses, thus ensuring applicability to the states. Cutter v. Wilkinson, 544 U.S. at 715. RLUIPA carried forward the "compelling governmental interest"/"least restrictive means" standard originally set forth in RFRA. Id. at 714-15, 722-23. Also carried forward with the standard was the application of "due deference to the experience and expertise of prison and jail administrators," by the courts in reviewing religious accommodation for prisoners. Id. at 723.

In Cutter v. Wilkinson, the Supreme Court upheld RLUIPA as constitutional, finding that it did not violate the Establishment Clause of the First Amendment as asserted by some courts. 544 U.S. at 709. The court held that RLUIPA alleviates exceptional government-created burdens on private religious exercise, but does not establish unyielding interests of religious accommodation over other interests, such that it would violate the Establishment Clause. Id. The Court held that the same due deference to prison and jail administrators in establishing necessary regulations and procedures to maintain order and security, as was provided under RFRA, was also applicable under RLUIPA. Id. at 723. The Court stated "[w]e do not read RLUIPA to elevate accommodation of religious observances over an institution's need to maintain order and safety." Id. at 722. "[A]ccommodation must be measured so that it does not override other significant interests." Id. RLUIPA is to be applied in an appropriately balanced way, with particular sensitivity to security concerns. Id. While RLUIPA adopts a "compelling governmental interest" standard, "context matters" in the application of that standard. Id. at 722-

23. The Act anticipates the courts will apply the standard with "due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." Id. at 723.

### Discussion

Plaintiff's complaint and response filed to defendants' motion to dismiss concede he is allowed a twelve-inch smoking pipe for the practice of his Native American Religion. Plaintiff does not allege that having a fifteen-inch pipe is a central tenant of his religion or that he is unable to smoke with his twelve-inch pipe or otherwise practice his Native American religion. Thus, plaintiff's claim that he desires to use a pipe that is three inches longer than the twelve-inch smoking pipe allowed by the prison, fails to allege any substantial burden on the exercise of his religion. Further, although the language of RLUIPA appears to set forth a least restrictive means test, the Act is interpreted as giving due deference to the expertise of prison officials, as set forth above. Therefore, plaintiff fails to make allegations which would implicate the protections of RLUIPA, and plaintiff has failed to state a claim on which relief may be granted.

### Conclusion

IT IS, THEREFORE, RECOMMENDED that defendants' motion to dismiss be granted and plaintiff's claims be dismissed for failure to state a claim on which relief may be granted. [12]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

3

Dated this 31st day of January, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

Case 2:07-cv-04011-NKL   Document 17   Filed 01/31/08   Page 4 of 4