IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ANDREW VIGGERS, Register No. 1063919, | ) |
| Plaintiff, | ) |
| v. | ) No. 07-4011-CV-C-NKL |
| LARRY CRAWFORD, et al., | ) |
| Defendants. | ) |

**ORDER**

On January 31, 2008, United States Magistrate Judge William A. Knox recommended that defendants' motion to dismiss be granted and plaintiff's claims be dismissed for failure to state a claim on which relief can be granted under 42 U.S.C. § 1983. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on February 13, 2008. In light of the exceptions and upon review, the report and recommendation of the Magistrate Judge will not be adopted.

Although defendants allow plaintiff to practice his Native American religion with a twelve-inch smoking pipe, plaintiff's allegation that his religion requires he use a personalized pipe measuring at least fifteen inches in length in order to pray is sufficient to allow him to proceed with his RLUIPA and First Amendment claims. The court cannot say, at this stage in the proceedings, that plaintiff can prove no facts in support of his claims that length restrictions on smoking pipes violate his rights under RLUIPA and the First Amendment. To resolve plaintiff's RLUIPA and First Amendment claims, the court must determine whether a personalized-length smoking pipe is a central tenant of plaintiff's Native American religion, and whether the denial of such a pipe substantially burdens him in the practice of his Native American religion. Patel v. United States Bureau of Prisons, ___ F.3d ___, 2008 WL 281912 *4 (8th Cir. Feb. 4, 2008) (under Free Exercise Clause of the First Amendment and RLUIPA an

inmate must show that the prison regulation has placed a substantial burden on his ability to practice his religion; substantial burden means to significantly inhibit or constrain an inmate in the expression of a central tenant of his religion). These issues can be appropriately addressed at summary judgment.

Accordingly, the court declines to adopt the Report and Recommendation of January 31, 2008, and it is

ORDERED that defendants' motion to dismiss is denied. [12, 17]

/s/

NANETTE K. LAUGHREY
United States District Judge

Dated: March 7, 2008
Jefferson City, Missouri